**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **THE ENCINITOS RANCH AND** | ' | |
| **MCGILL RANCH, LTD.** | ' | |
| | ' | |
| | ' | **CIVIL ACTION NO. _____** |
| **V.** | ' | |
| | ' | |
| **KOCH PIPELINE COMPANY, L.P.,** | ' | |
| **KOCH PIPELINE COMPANY, LLC, AND** | ' | |
| **KOCH PIPELINE IN ITS ASSUMED OR** | ' | |
| **COMMON NAME** | ' | **JURY DEMANDED** |

---

### PLAINTIFFS' ORIGINAL COMPLAINT

---

COME NOW Plaintiffs THE ENCINITOS RANCH and MCGILL RANCH, LTD. and file this their Original Complaint, complaining of KOCH PIPELINE COMPANY, L.P., KOCH PIPELINE COMPANY, LLC and KOCH PIPELINE IN ITS ASSUMED OR COMMON NAME (collectively "Defendants"), and, in support, would show as follows:

**I.**
**JURISDICTION**

1.1     The court has jurisdiction over this case because it is a cause of action between citizens of Texas and Delaware/Kansas, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(2).

**II.**
**THE PARTIES**

2.1     **THE ENCINITOS RANCH** is a Texas family ranching operation, owned, managed and run by **MCGILL RANCH, LTD.,** a Texas limited partnership, that also owns

record title to that portion of The Encinitos Ranch that is the subject matter of this lawsuit, and which is located in Brooks County, Texas.

2.2     Defendant **KOCH PIPELINE COMPANY, L.P.** is a Delaware limited partnership with its principal place of business in Kansas.  It may be served with citation by serving its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

2.3     Defendant **KOCH PIPELINE COMPANY, LLC** is a Delaware limited liability company with its principal place of business in Kansas.  It may be served with citation by serving its registered agent for service, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234. **KOCH PIPELINE COMPANY, LLC** is believed to be the general partner of **KOCH PIPELINE COMPANY, L.P.** and is therefore vicariously, directly and/or jointly and severally liable for the acts, omissions and liabilities of **KOCH PIPELINE COMPANY, L.P.**

2.4     Defendant **KOCH PIPELINE IN ITS ASSUMED OR COMMON NAME** is believed to be the owner and/or operator of what is commonly known as the Kelsey Bass Station in Brooks County, Texas, which is more particularly referenced below and which is made the subject of this lawsuit.  It is believed that **KOCH PIPELINE IN ITS ASSUMED OR COMMON NAME** is likely the business or common name for one or both of the other named defendants.  Accordingly, service on **KOCH PIPELINE IN ITS ASSUMED OR COMMON NAME** may be had by service on one or both of the other defendants.

---

Plaintiffs' Original Complaint

## III.
### VENUE

3.1     Venue is proper in the Corpus Christi Division of the Southern District of Texas because Defendant is deemed to reside in the Southern District of Texas, Corpus Christi Division pursuant to 28 U.S.C. § 1391(a)(1), (c) and because the claims involve damages to real property located entirely in Brooks County, Texas.  28 U.S.C. § 1391 (a)(2).

## IV.
### PRELIMINARY STATEMENT

4.1     This is a lawsuit arising from Defendants' acts and omissions in causing and continuing to cause chemical contamination to real property, including surface, subsurface and freshwater zones, located in Brooks County, Texas.  By virtue of this lawsuit, Plaintiffs seek equitable remedies requiring Defendants to clean up or remediate hydrocarbon, heavy metals, salt water and other identified contamination in Brooks County at the **KOCH PIPELINE COMPANY** facility commonly known as the Kelsey Bass Station, where irreparable injury to real or personal property is threatened and/or occurring.

## V.
### FACTUAL BACKGROUND

#### A.     *The Contaminated Areas*

5.1     Within the boundaries of The Encinitos Ranch, and located entirely in Brooks County is a Koch Pipeline facility known as the "Kelsey Bass Station". Hydrocarbon, heavy metal, chloride and/or naturally occurring radioactive material (NORM) contamination has been identified on the surface and/or subsurface areas of

_____

Plaintiffs' Original Complaint

concern within the boundaries of the Kelsey Bass Station located on portions of The Encinitos Ranch entirely in Brooks County, Texas.  This contamination was proximately caused by pipeline leaks, spills, production, gathering, storage, and transportation activities by Defendants.

5.2    The identified contamination on the surface and/or sub-surface areas of concern within the boundaries of the Kelsey Bass Station is a continuing source of contamination on The Encinitos Ranch.  The contamination has and will continue to migrate upon the surface and/or within the subsurface and groundwater aquifers, thus increasing the magnitude of the contaminated media and constituting an ongoing threat of irreparable injuries to the surface, subsurface soils and groundwater.  The identified contamination at the Kelsey Bass Station has been investigated at great expense by Plaintiffs to determine the nature of contamination to the soil, subsurface, and groundwater.

**B.    Applicable RRC Rules and Regulations**

5.3    The Texas Railroad Commission ("RRC") is vested with primary rule-making authority for the environmental protection of surface and groundwater in or near regulated oil and gas production activities.  The acts and omissions of the Defendants identified herein violate the RRC rules and regulations regarding surface spills and groundwater contamination. These Defendants repeatedly failed to take responsible action to remediate such contamination, violating RRC rules and industry standards, including but not limited to:

- RRC Rule 3.8 (16 TAC § 3.8—Water Protection), which provides for regulation of pollution control, disposal methods, pit requirements, and permitting for potential

_____

Plaintiffs' Original Complaint

sources of pollution associated with oil and gas exploration, all designed to prevent any adverse impact on surface or subsurface waters in the State of Texas.

- RRC Rule 3.20 (16 TAC § 3.20— Notice of Release), a rule that mandates that leaks, spills or releases over 5 barrels must be reported to the RRC.

- RRC Rule 3.91 (16 TAC § 3.91—Cleanup of Soil Contaminated by a Crude Oil Spill) which sets forth the actions required to address leaks, spills and releases of crude oil to the environment.

- RRC Rule 3.98 (16 TAC § 3.98—Standards for Management of Hazardous Oil & Gas Waste), that requires that any hazardous oil and gas waste be disposed of in accordance with specific guidelines.

Compliance with all RRC regulations is required of the oil and gas production, storage and transportation operations identified herein. Defendants knew of the threat to surface and groundwater resources resulting from their releases of hydrocarbons and other substances on the ground together with the requirement for reasonable, necessary and timely responsive actions warranted in the event of such releases.

5.4    The acts and omissions of the current and former operators of the Kelsey Bass Station failed to prevent and eliminate uncontained hydrocarbon and produced fluid releases to the environment, subsequently failing to investigate, delineate and remediate contamination from such releases, and failing to take reasonable precautions to eliminate such conditions adversely affecting the surface and subsurface estate.

## C.    *The Natural Resources Code Provides a Private Cause of Action*

5.5    Texas Natural Resources Code sections 85.321 and 85.322 set forth the unqualified right of Plaintiffs to sue Defendants for all violations of applicable RRC rules and regulations:

_____

Plaintiffs' Original Complaint

### § 85.321.  Suit For Damages

A party who owns an interest in property or production that may be damaged by another party violating the provisions of this chapter that were formerly a part of Chapter 26, Acts of the 42nd Legislature, 1st Called Session, 1931, as amended, or another law of this state prohibiting waste or a valid rule or order of the commission may sue for and recover damages and have any other relief to which he may be entitled, at law or in equity.

### § 85.322.  Proceedings Not To Impair Suit For Damages

None of the provisions of this chapter that were formerly a part of Chapter 26, Acts of the 42nd Legislature, lst Called Session, 1931, as amended, no suit by or against the commission, and no penalties imposed on or claimed against any party violating a law, rule, or order of the commission shall impair or abridge or delay a cause of action for damages or other relief that an owner of land or a producer of oil and gas, or any other party at interest, may have or assert against any party violating any rule or order of the commission or any judgment of this chapter.

TEX. NAT. RES. CODE §§85.321 and 85.322.

### D.  *Defendants' Violations of RRC Rules and Regulations*

5.6     Total Petroleum Hydrocarbon ("TPH") concentrations at the investigated locations exceed RRC standards and rules for groundwater protection.  Further, the release of hydrocarbons and other materials without reasonable and necessary remediation at the Kelsey Bass Station violates RRC regulations.

5.7     The Defendants have known and/or should have known of both the threat to groundwater resources resulting from releases of hydrocarbons and produced fluids on the ground surface and the reasonable and necessary response actions required in the event of such releases. In this case, Plaintiffs are seeking equitable relief from the Court in the form of an injunction requiring Defendants to perform environmental assessment activities to determine the full nature and extent of contamination on the

surface, subsurface and groundwater on and underlying the Kelsey Bass Station on The Encinitos Ranch property.

5.8    Defendants, as current and/or former operators, and/or as current and/or former right-of-way or easement owners, have known and/or should have known of both the threat to groundwater resources resulting from releases of hydrocarbons, produced fluids and other substances on and under the ground and the reasonable and necessary response actions required in the event of such releases. In short, Defendants' acts and omissions constitute a failure to act as required by the RRC rules and regulations, and injunctive relief and other relief is appropriate to force compliance.

## VI.
### CAUSES OF ACTION

### First Cause of Action—Injunctive Relief

6.1    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

6.2    Defendants' acts and omissions in causing and continuing to cause contamination to surface, subsurface and groundwater at the Kelsey Bass Station on and under The Encinitos Ranch must be abated or remediated; otherwise certain irreparable additional contamination and damage to Plaintiffs' real property will continue to occur and reoccur in the future.  Pursuant to section 65.011(5) of the Texas Civil Practice and Remedies Code, "irreparable injury to real or personal property is threatened, irrespective of any remedy at law."

6.3    Plaintiffs seek injunctive and/or other equitable relief from the Court requiring Defendants to delineate, abate and/or remediate the conditions causing the

Plaintiffs' Original Complaint

contamination to the surface, subsurface and groundwater on and under Plaintiffs' property at the Kelsey Bass Station.  Such abatement or injunctive relief would, among other things, necessarily require Defendants to remove significant volumes of earthen contaminated materials from Plaintiffs' property, backfill with clean materials and/or delineate and remediate groundwater contamination.

6.4    Plaintiffs contend that the threatened harm can only be avoided through equitable relief.  Plaintiffs respectfully request the Court issue a permanent injunction enjoining Defendants from causing or threatening pollution injuries at the Kelsey Bass Station and that Defendants be ordered to delineate, both vertically and horizontally, the full nature and extent of contamination at the Kelsey Bass Station on and under The Encinitos Ranch property and remediate these areas in compliance with applicable laws, rules and regulations.

6.5    Plaintiffs respectfully request that, after trial, this Court permanently enjoin the Defendants, their agents and employees, directly or indirectly, from causing or threatening further damage to, pollution of, or other injury to the land and groundwater at the Kelsey Bass Station for all time.

6.6    Furthermore, under Texas common law, Defendants have engaged in conduct in violation of the law, including the violation of State laws and regulations, so as to materially injure Plaintiffs' property.  Plaintiffs have stated a cause of action, a probable right to the relief requested, and will suffer irreparable and permanent injury for which no adequate remedy at law is available.

---

Plaintiffs' Original Complaint

## Second Cause of Action—Negligence *per se*

6.7     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

6.8     In the alternative, Defendants' failure to comply with statutes and RRC regulations in causing and continuing to cause injury to, pollution of and damage to the surface, subsurface and groundwater on and underlying the Kelsey Bass Station constitutes negligence *per se* under the laws and statutes of the State of Texas, proximately causing significant injuries and damage and threatening to cause additional irreparable injuries to Plaintiffs' real property.

## Third Cause of Action—Negligence

6.9     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

6.10    In the alternative, Defendants had a duty to exercise ordinary care to prevent and protect injuries to Plaintiffs' real property, especially from the threat of contamination to groundwater resources resulting from releases of hydrocarbons, produced fluids and other substances.   Defendants also had the duty to exercise ordinary care to perform reasonable and necessary response actions required in the event of such releases.

6.11    Defendants breached these duties and created conditions that have caused and now continue to cause irreparable injuries to portions of the surface, subsurface and groundwater at the Kelsey Bass Station.  Defendants were negligent in

Plaintiffs' Original Complaint

exercising these duties, proximately causing significant injuries and damages to the land, and threatening to cause additional irreparable injuries to Plaintiffs' real property.

## Fourth Cause of Action—Trespass

6.12    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

6.13    In the alternative, the Defendants' acts and omissions constitute a trespass as to Plaintiffs' property and property rights, and until properly abated and/or remediated, constitutes a continuing threat and injury to Plaintiffs' property and rights, including Plaintiffs' precious groundwater resources.

6.14    The Defendants' trespass proximately caused significant injuries to and threatens to cause additional irreparable injuries and damages to Plaintiffs' real property.

## Fifth Cause of Action—Nuisance

6.15    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

6.16    In the alternative, the acts, omissions and conduct of the Defendants unreasonably interferes with, and will continue to unreasonable interfere with, the normal and expected use and enjoyment of Plaintiffs' property.

6.17    The Defendants' acts and omissions alleged herein create both a public and private nuisance and such nuisance constitutes a legal and contributing cause of injuries to and threatens to cause additional irreparable injuries and damages to Plaintiffs' real property.

_____

Plaintiffs' Original Complaint

6.18   Defendants' acts, omissions, and conduct reflect not only a failure to conduct reasonable, careful and prudent production, storage and/or transportation operations on The Encinitos Ranch, but in addition, such conduct was willful and/or reckless as those terms are legally defined.   Accordingly, Defendants should be held accountable under the laws and statutes of the State of Texas for exemplary damages for creating, maintaining and/or failing to abate the nuisance that they created in the first place.

**Sixth Cause of Action—Breach of Contract and Implied Covenants**

6.19   Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

6.20   In the alternative, the Defendants' conduct also constitute violations of express and implied covenants and conditions under leases, right-of-ways, easement agreements and/or other agreements under which Defendants have operated the facilities at the Kelsey Bass Station.

6.21   Defendants have a duty to Plaintiffs to not negligently or intentionally damage the surface soils, the subsurface strata, surface waters and the underlying groundwater incident to oil and gas production, storage and transportation operations on and under the Kelsey Bass Station.   Reasonable use of the property does <u>not</u> include Defendants' right to negligently or intentionally allow leaks, discharges, spills or releases of hydrocarbons, produced fluids and other substances or failure to take reasonable steps to prevent such leaks, discharges, spills or releases.   Likewise, reasonable use of the property does <u>not</u> include an intentional or negligent refusal to

_____

Plaintiffs' Original Complaint

clean up or restore the areas impacted by hydrocarbon, heavy metal, chloride, NORM and other contamination at the Kelsey Bass Station.  Such breaches were and are a legal or contributing cause of injuries to and threaten to cause additional irreparable injuries and damages to Plaintiffs' real property.

## VII.
### ATTORNEY'S FEES, COSTS AND INTEREST

7.1    Plaintiffs request the Court award Plaintiffs reasonable and necessary attorneys' fees, costs and expenses of performing the testing, assessment, and delineation activities at the Kelsey Bass Station, a cost that Defendants should have incurred, and other costs of litigation incurred in connection with the prosecution of this claim.

7.2    Plaintiffs would further show they are entitled to prejudgment and post-judgment interest on the amount of any judgment against Defendants as allowed by law.

## VIII.
### VICARIOUS AND SUCCESSOR LIABILITY

8.1    Defendants are successors in interest to prior operators of the site in question and have successor liability for any injuries or damages caused by predecessors in title.  They are also vicariously responsible for the wrongful and/or culpable conduct of their agents, servants, employees, borrowed servants, and/or borrowed employees under the doctrine of *respondeat superior* and/or the doctrine of borrowed servant (and/or borrowed employee, loaned employee, or special employee as to which the borrowed servant and/or borrowed employee doctrine is sometime

Plaintiffs' Original Complaint

referred) that is made the basis of Plaintiffs' claims (as specifically set forth above).

## IX.
### JURY DEMAND

9.1     Plaintiffs respectfully requested a trial by jury and tendered the appropriate

fee.

## X.
### DAMAGES

10.1    The damages, which are unliquidated, are within the jurisdictional limits of

the Court.  This suit is necessary to collect on a legal debt and damages due and owing

to Plaintiffs based on the conduct of the Defendants.

10.2    In addition to injunctive relief, Plaintiffs request the jury consider what sum

of money, if paid now in cash, would fairly and reasonably compensate them for the

injuries and damages they have sustained in this case as a result of the acts,

omissions, breaches and other misconduct of the Defendants.  Plaintiffs will ask the jury

to consider the elements of damages listed below as follows:

    a.    Plaintiffs seek injunctive relief under the Court's equitable powers to abate and remediate the conditions causing and continuing to cause and threaten irreparable injuries and damages to the surface, subsurface and groundwater at the Kelsey Bass Station;

    b.    The reasonable and necessary mitigation costs of investigating, assessing, and delineating the contamination to surface, subsurface, groundwater and natural resources on or underlying the Kelsey Bass Station, made the basis of this lawsuit (an expense which Defendants should have incurred given their duties and responsibilities). These costs include, but are not limited to, Plaintiffs' expert consultant fees and expenses, sampling and analysis costs and expenses, attorneys' fees, and litigation costs and expenses;

c.      Damages for out-of-pocket costs and expenses incurred by Plaintiffs in the past and that will be incurred by Plaintiffs in the future for environmental assessment, delineation, monitoring, oversight and response activities;

d.      Alternatively, the reasonable and necessary cost of restoration of the Kelsey Bass Station to the same or substantially the same condition that existed prior to the contamination;

e.      Alternatively, injuries and damages proximately caused by the Defendants' interference with Plaintiffs' quiet enjoyment and use of the affected portion of The Encinitos Ranch;

f.      Alternatively, actual damages, including all expectation damages, direct and indirect damages, and consequential damages caused by Defendants' conduct, acts and/or omissions;

g.      Alternatively, the diminished market value of the affected property;

h.      Exemplary damages;

i.      Costs of suit and litigations expenses;

j.      Attorneys' fees; and

k.      Court costs.

## XI.
### CONDITIONS PRECEDENT

11.1   Any and all conditions precedent to filing of this action have been met, or are waived or excused.

_____
Plaintiffs' Original Complaint

14

## XII.
### ELECTION OF REMEDIES

12.1    Plaintiffs reserve the right to elect their remedies and to elect to recover the highest measure of damages and/or legal and equitable relief available under Texas law.

## XIII.
### AFFIRMATIVE DEFENSES

13.1    Defendants' acts and omissions set forth herein also constitute fraudulent concealment, as that term is defined and applied under Texas law.  Plaintiffs hereby also plead the application of the discovery rule as that term is defined and applied under the Texas law.  Plaintiffs also assert that the conduct in question and damages are continuing in nature.

## XIV.
### PRAYER FOR RELIEF

14.1    WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; and, that upon final trial on the merits in this case, Plaintiffs recover judgment against Defendants for the relief, remedies and damages prayed for herein; that Plaintiffs recover prejudgment and post-judgment interest at the maximum legal rate; that Plaintiffs recover costs of suit, litigation expenses and costs of court, and attorneys' fees; and that Plaintiffs recover such other and further relief, both in law and equity, including injunctive relief as alleged herein, to which Plaintiffs may show themselves justly entitled.

_____
Plaintiffs' Original Complaint

Respectfully submitted,


s/Roger S. Braugh, Jr.
Roger S. Braugh, Jr.
State Bar No. 00796244
Federal ID No. 21326
**SICO, WHITE, HOELSCHER & BRAUGH L.L.P.**
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, Texas 78401
Phone:  361/653-3300
Fax:  361/653-3333

**ATTORNEY IN CHARGE FOR PLAINTIFFS**

Plaintiffs' Original Complaint

16