IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE ENCINITOS RANCH AND<br>MCGILL RANCH, LTD.<br><br>VS.<br><br>KOCH PIPELINE COMPANY, L.P.,<br>KOCH PIPELINE COMPANY, LLC,<br>AND KOCH PIPELINE IN ITS<br>ASSUMED OR COMMON NAME | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.  C-11-293 |

**ORIGINAL ANSWER OF DEFENDANTS**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendants answer the Complaint as follows. The introductory paragraph is not numbered and does not require admissions or denials. Regarding the rest of the Complaint, defendants answer the paragraphs which correspond to the headings and paragraph numbers in the Complaint. In each instance wherein Defendants answer that they do not have sufficient information to admit or deny the material allegations, such allegations are denied.

**I.    JURISDICTION**

  1.1 Defendants admit that this Court has jurisdiction.

**II.   THE PARTIES**

  2.1 Defendants do not have sufficient information to admit or deny the material allegations in paragraph 2.1.

  2.2 Defendants admit the allegations in paragraph 2.2.

  2.3 Regarding paragraph 2.3, defendants admit the allegations except to the extent

that the allegations may suggest that defendants caused and are liable to plaintiffs for damages or any other relief. Such allegations are denied.

    2.4    Regarding paragraph 2.4, defendants object to the reference to "Koch Pipeline in its Assumed or Common Name" because it is overly vague and does not correctly identify any of the defendants. Defendants deny the last sentence of paragraph 2.4.

### III. VENUE

    3.1    Regarding paragraph 3.1, defendants admit that venue is proper in this Court. Defendants deny that they caused and are liable for damages to real property or any other relief.

### IV. PRELIMINARY STATEMENT

    4.1    Defendants deny the material allegations of paragraph 4.1.

### V. FACTUAL BACKGROUND

    5.1    In response to the allegations in paragraph 5.1, Defendants deny that they caused the alleged contamination and further deny that they caused and are liable for any damages or relief of any kind.

    5.2    Defendants do not have sufficient information to admit or deny the material allegations in paragraph 5.2 and therefore deny that they caused and are liable for any damages or relief of any kind.

    5.3    Defendants deny the material allegations of paragraph 5.3.

    5.4    To the extent paragraph 5.4 alleges acts and omissions against defendants, they deny the material allegations of paragraph 5.4.

    5.5    Regarding paragraph 5.5, defendants deny that they violated the cited laws and

therefore deny the paragraph.

    5.6    Defendants deny that they violated the cited rules and regulations therefore deny paragraph 5.6.

    5.7    Defendants deny the material allegations in Paragraph 5.7.

    5.8    Defendants deny the material allegations in paragraph 5.8.

## VI.    CAUSES OF ACTION

    6.1    Defendants incorporate by reference their answers to the specific paragraphs plaintiffs refer to in paragraph 6.1.

    6.2    Defendants deny the material allegations in paragraph 6.2 and specifically deny that they caused and are liable for monetary damages, injunctive relief, or other relief of any kind.

    6.3    Defendants deny the material allegations in paragraph 6.3 and specifically deny that they caused and are liable for damages, injunctive relief, or other relief of any kind.

    6.4    Defendants deny the material allegations in paragraph 6.4 and specifically deny that they caused and are liable for damages, injunctive relief, or other relief of any kind.

    6.5    Defendants deny the material allegations in paragraph 6.5 and specifically deny that they caused and are liable for damages, injunctive relief, or other relief of any kind.

    6.6    Defendants deny the material allegations in paragraph 6.6 and specifically deny that they caused and are liable for damages, injunctive relief, or other relief of any kind.

    6.7    Defendants incorporate by reference their answers to the specific paragraphs Plaintiffs refer to in paragraph 6.7.

    6.8    Defendants deny the material allegations of paragraph 6.8.

6.9     Defendants answer paragraph 6.9 by incorporating their answers to the specific paragraphs Plaintiffs refer to in paragraph 6.9.

6.10    Defendants deny the material allegations of paragraph 6.10.

6.11    Defendants deny the material allegations of paragraph 6.11.

6.12    Defendants answer paragraph 6.12 by incorporating their answers to the specific paragraphs Plaintiffs refer to in paragraph 6.12.

6.13    Defendants deny the material allegations of paragraph 6.13.

6.14    Defendants deny the material allegations of paragraph 6.14.

6.15    Defendants incorporate by reference their answers to the specific paragraphs Plaintiffs refer to in paragraph 6.15.

6.16    Defendants deny the material allegations in paragraph 6.16.

6.17    Defendants deny the material allegations of paragraph 6.17.

6.18    Defendants deny the material allegations of paragraph 6.18.

6.19    Defendants incorporate by reference their answers to the specific paragraphs Plaintiffs refer to in paragraph 6.19.

6.20    Defendants deny the material allegations of paragraph 6.20

6.21    Defendants deny the material allegations of paragraph 6.21.

## VII.    ATTORNEY'S FEES, COSTS AND INTEREST

7.1     Defendants deny the material allegations of paragraph 7.1.

7.2     Defendants deny the material allegations of paragraph 7.2.

## VIII.   VICARIOUS AND SUCCESSOR LIABILITY

      8.1    Defendants deny the material allegations of paragraph 8.1.

## IX. JURY DEMAND

      9.1    Paragraph 9.1 does not require an admission or denial.

## X. DAMAGES

      10.1    Defendants deny the material allegations in paragraph 10.1.

      10.2    In response to paragraph 10.2, Defendants deny that they caused and are liable for damages or relief of any kind.

## XI. CONDITIONS PRECEDENT

      11.1    Defendants object to paragraph 11.1 because it is so vague and ambiguous that it fails to provide notice of the factual or legal basis of the allegations.  For example, Plaintiffs have failed to identify the "conditions precedent" to which they refer, and they have failed to describe how such conditions were waived or excused.  Defendants specifically deny that there is any factual basis for plaintiffs' claims against them; therefore, paragraph 11.1 is denied.

## XII. ELECTION OF REMEDIES

      12.1    In response to  paragraph 12.1, Defendants deny that plaintiffs are entitled to any relief whatsoever.

## XIII. AFFIRMATIVE DEFENSES

      13.1    Defendants object to paragraph 13.1 because it fails to allege with particularity the allegations of fraud and therefore violates Federal Rule of Civil Procedure 9(b).  The allegations, therefore, should be stricken.  Subject to and without waiving this objection, defendants deny the material allegations of paragraph 13.1.

## XIV. PRAYER FOR RELIEF

14.1 Defendants deny that plaintiffs are entitled to damages or any other relief.

### **DEFENDANTS' AFFIRMATIVE DEFENSES**

15. Plaintiffs' claims are barred in whole or in part by the statute of limitations and the doctrine of laches.

16. Defendants' object to the submission of an issue on exemplary damages. There is no factual basis for such damages. Moreover, the jury instructions for an award of exemplary damages are vague and do not contain clear standards as to whether and how much to punish a defendant; consequently, they create a substantial risk of arbitrary and capricious results and the denial of due process. An award of punitive damages would violate certain Constitutional provisions including without limitation:

   a. <u>Proscription on excessive fines.</u> U.S. Constitution Amendment 8; Texas Constitution Article I, Section 13;

   b. <u>Requirements of Due Process.</u> U.S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19;

   c. <u>Requirements of Equal Protection Under the Law.</u> U.S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a; and/or

   d. <u>Proscription on Ex Post Facto and Retroactive Law.</u> U.S. Constitution, Article I, Section 10; Texas Constitution Article I, Section 16.

In addition, exemplary damages are not limited to a fair, just and reasonable relation to actual damages and are penal in nature. Consequently, exemplary damages violate the contract clause of the U.S. Constitution, Article I, Section 10.

17. Plaintiffs invoke the provision of §41.008, et seq., of the Texas Civil Practices

and Remedies Code.

18. Defendants invoke all rights under §33.013 of the Texas Civil Practices and Remedies Code in the unlikely event of a finding of liability against Defendants. Defendants are not liable for any damages caused by plaintiffs or other parties, whether named in this suit or not. Defendants are likewise not liable for damages caused by plaintiffs' failure to mitigate its damages.

19. Plaintiffs' recovery, if any, must be reduced or eliminated to the extent that plaintiffs have settled claims against others parties and to the extent the jury has assessed a percentage of liability against a party, whether named as a party in this suit or not.

20. In the unlikely event that Defendants are found liable for contribution for any cost incurred by plaintiffs, Defendants are entitled to have the damages for harm be apportioned among other parties, including plaintiffs, who are found to be liable for such costs.

## PRAYER FOR RELIEF

Defendants request judgment of the Court, upon final trial, that Plaintiffs take nothing by this suit, and that Defendants be discharged with costs and all other relief to which they are entitled.

Respectfully submitted,

*/S/ Gene R. Ward*
Gene R. Ward
Federal I.D. No. 7645
State Bar No. 20841500
Attorney-in-Charge for Defendants, Koch Pipeline Company, L.P., Koch Pipeline Company, LLC, and Koch Pipeline in its assumed or common name
P. O. Box 2728

        Corpus Christi, TX 78403-2728
        Tel.: (361) 888-8041  FAX: (361) 888-8222
        e-mail: grw@hmwpc.com

OF COUNSEL:
HORNBLOWER, MANNING, WARD,
  HARRISON, VENECIA & RODRIGUEZ
PROFESSIONAL CORPORATION

Dean Kuckelman
Kansas State Bar No. 13351
*Pending Motion to Appear Pro Hac Vice*
Koch Companies Public Sector, LLC
P.O. Box 2256
Wichita, KS 67201
Tel.: (316) 828-7940  Fax: (316) 828-5803
e-mail: Dean.Kuckelman@kochps.com

### CERTIFICATE OF SERVICE

  I certify that on October 7, 2011, a complete and correct copy of the foregoing pleading was delivered to the following attorney of record in the manner indicated below:

**Via Certified Mail, RRR No. 7010 0290 0001 8892 0289**
Mr. Roger S. Braugh, Jr.
Sico, White, Hoelscher & Braugh L.L.P.
900 Frost Bank Plaza
802 N. Carancahua
Corpus Christi, TX  78401

        */S/ Gene R. Ward*
        Gene R. Ward