UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THE ENCINITOS RANCH AND | * | |
| MCGILL RANCH, LTD. | * | |
| | * | |
| V. | * | CIVIL ACTION NO. 2:11-CV-00293 |
| | * | |
| KOCH PIPELINE COMPANY, L.P., | * | |
| KOCH PIPELINE COMPANY, LLC, AND | * | |
| KOCH PIPELINE IN ITS ASSUMED OR | * | |
| COMMON NAME | * | JURY DEMANDED |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN
PURSUANT TO RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. **State when the Rule 26 Conference of the parties was held and identify the counsel who attended for each party.**

   The conference was held on November 30, 2011 telephonically.  Stuart White attended on behalf of the Plaintiffs.  Gene R. Ward attended on behalf of the Koch Defendants.

2. **List any cases related to the present action that are pending in any state or federal court, with the style, case number, court, and a brief description of the case.**

   None.

3. **Briefly describe the pertinent facts and legal theories upon which the present action is based.**

   This is a lawsuit involving alleged surface, subsurface and water contamination at a Koch Pipeline installation located on a portion of the Encinitos Ranch in Brooks County, Texas.  By virtue of this lawsuit, Plaintiffs seek legal and equitable remedies pertaining to the site in question.

4. **Specify the allegation of federal jurisdiction. Indicate whether the parties agree or disagree to the allegation. If the parties disagree, indicate the nature of the disagreement.**

   The Court has jurisdiction over this cause of action because it is a cause of action between citizens of Texas and Delaware.

   The parties agree as to this allegation of federal jurisdiction.

5. **List any additional parties that may be included, when they can be added, and which party desires to bring them into the litigation.**

   Plaintiffs:

   Plaintiffs do not anticipate adding any other parties.

   Defendants:

   If defendants become aware of parties to be joined they will do so before the deadline set forth in the Court's scheduling order.

6. **List any anticipated interventions.**

   Plaintiffs:

   Plaintiffs do not anticipate interventions.

   Defendants:

   Defendants do not anticipate interventions.

7. **If this is a class action, describe any issues regarding certification of the class.**

   N/A.

8. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   All parties will file their Initial Disclosures within the time period prescribed by Rule 26(a).

9. **Describe the proposed discovery plan the parties have agreed upon, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   The parties' disclosures will be completed as stated in 8 above.

   B. **When and to whom Plaintiffs anticipate sending interrogatories.**

   Plaintiffs anticipate sending interrogatories, requests for admission and requests for production to Defendants within 60 days.

   C. **When and to whom Defendant(s) anticipate(s) sending interrogatories.**

   Defendants anticipate sending interrogatories, requests for admission and requests for production to plaintiffs within 60 days

   D. **When and from whom Plaintiff(s) anticipate(s) taking oral depositions.**

   Plaintiffs anticipate deposing defendants' corporate representative(s) with knowledge of issues related to operations, leaks, discharges, maintenance and clean-up issues pertaining to the site in question. Plaintiffs also anticipate deposing fact witnesses and experts, who have yet to be identified.

   E. **When and from whom Defendant(s) anticipate(s) taking oral depositions.**

   Defendants anticipate deposing plaintiffs and their representatives, agents and employees with knowledge of issues related to their allegations, as well as persons with knowledge of similar claims plaintiffs have brought against other entities on their property. Defendants anticipate deposing other fact witnesses and experts, who have yet to be identified.

F. **When Plaintiff(s) (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiffs will be in a position to designate experts prior to the anticipated completion date for discovery (assuming Plaintiffs have received documents responsive to Plaintiffs' discovery and have deposed the appropriate Koch Defendants' management and corporate representatives).

Plaintiffs propose a tentative deadline of June 1, 2012 for the designation of its experts, and July 1, 2012 for the designation of Defendants' experts.

G. **List expert depositions Plaintiff(s) (or the party or parties with the burden of proof on an issue) anticipate(s) taking and their anticipated completion date.**

Plaintiffs anticipate taking the depositions of Defendant's expert(s) prior to the anticipated completion date for discovery. It is presumed that such experts will include operational and regulatory experts (liability) and property damage and cleanup or remediation experts (damages).

H. **List expert depositions the opposing party or parties anticipate(s) taking and their anticipated completion date.**

Defendant anticipates taking the depositions of Plaintiffs' expert(s) before the anticipated completion date for discovery.

10. **If the parties do not agree on a part of the discovery plan, describe the separate views and proposals of each party.**

None at this time.

11. **Specify the discovery, beyond initial disclosures, that has been undertaken to date.**

None.

12. **State the date the planned discovery can reasonably be completed.**

    Discovery can be reasonably completed by November 1, 2012.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26 Conference, including the suitability of this case for mediation or other alternative dispute resolution. Include the anticipated date for the provision of a settlement demand by any party seeking affirmative relief.**

    The parties agree that mediation should be conducted after both parties have completed initial discovery.

14. **If all parties consent, a Federal Magistrate Judge may hear both jury and non-jury trials. Indicate whether or not all parties consent to a trial before a Magistrate Judge. (YES/NO)**

    No.

15. **State whether a jury demand has been made, and if so, whether it was made on time.**

    A jury demand was made with Plaintiffs' Original Complaint (Doc. 1) filed on August 31, 2011.

16. **Specify the combined total number of hours it will take both parties to present the evidence in this case.**

    All parties believe this case can be tried in 8 trial days and that it will take approximately 64 hours to try.

17. **List pending motions that could be ruled on at the Initial Pretrial Conference.**

    There are no pending motions.

18. **List other pending motions.**

    None at this time.

19. **Indicate other matters peculiar to this case—including discovery—that deserve the special attention of the Court at the Initial Pretrial Conference.**

    None at this time.

20. **Certify that all parties have filed Certificates of Interested Parties—as directed in the Order of Conference and Disclosure of Interested Parties—listing the date of filing for the originals and any amendments to the Certificates.**

    <u>Plaintiffs</u>:

    Certificate of Interested Parties (Doc. No. 6) filed on September 22, 2011.

    <u>Defendants</u>:

    Certificate of Interested Parties (Doc. No. 10) filed on October 7, 2011.

21. **List the names, bar numbers, addresses, telephone numbers, facsimile numbers, and electronic mail addresses of all counsel and <u>pro se</u> parties.**

    <u>Attorneys for Plaintiffs</u>:

    Roger S. Braugh, Jr.
    Federal I.D. No. 21326
    Texas Bar No. 00796244
    rbraugh@swbtrial.com
    Stuart R. White
    Federal I.D. No. 1144883
    State Bar No. 24075268
    swhite@swbtrial.com
    SICO, WHITE, HOELSCHER & BRAUGH, L.L.P
    802 N. Carancahua, Suite 900
    Corpus Christi, Texas 78401
    Telephone: 361/653-3300
    Facsimile: 361/653-3333

    <u>Attorneys for Defendants</u>:

    Gene R. Ward
    Federal I.D. No. 7645
    State Bar No. 20841500
    HORNBLOWER, MANNING, WARD, HARRISON
     VENECIA & RODRIGUEZ, PROFESSIONAL CORPORATION
    P.O. Box 2728
    Corpus Christi, Texas 78403-2728

Telephone:  361/888-8041
Facsimile:  361/888-8222
E-mail:  grw@hmwpc.com

Dean Kuckelman
Kansas State Bar No. 13351
Admitted Pro Hac Vice
Koch Companies Public Sector, LLC
P.O. Box 2256
Wichita, Kansas 67201
Telephone:  316/828-7940
Facsimile:  316/828-5803
E-mail:  Dean.Kuckelman@kochps.com

*By each of our signatures below, Counsel represent that each understands that the Court will rely on these representations in entering its Scheduling Order.*

| | |
|---|---|
|     */s/ Roger S. Braugh, Jr.* | 11/30/11 |
| Counsel for Plaintiffs | Date |
| | |
|    */s/ Gene R. Ward* | 11/30/11 |
| Counsel for Defendant | Date |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties in compliance with the Federal Rules of Civil Procedure by first class mail, postage prepaid, or by electronic mail from the clerk of court on the 30th day of November 2011.

                                          /s/Roger S. Braugh, Jr.
                                          Roger S. Braugh, Jr.